### Dodd and others, ex'rs, &c. *vs.* Astor.

A motion once made and denied upon the merits, without reserving the right to renew it, cannot be made a second time, without leave of the court.

After an order of a vice chancellor, denying an application upon the merits, has been affirmed by the appellate court, it is erroneous for him to permit the former motion to be renewed and to grant the application.

A complainant will not be allowed to amend his bill so as to make a new case, after the proofs in the cause have been taken and closed.

This case came before the chancellor upon an appeal, by the complainants, from an order of the vice chancellor of the first circuit, denying their application for leave to amend the bill filed in this cause. The bill was filed by Moses Dodd, the testator of the complainants, for the specific performance of an agreement, made about thirty years previous to the filing of the complainant's bill, to execute a lease for the term of twenty-one years, from the 1st of May, 1814, with the privilege of two renewals. The bill, which was sworn to, contained many other particulars of the alleged contract; all of which were denied in the answer of the defendant. And the answer set up an entirely different contract; a contract for a lease for twenty-one years from the 1st of May, 1813, with the privilege of only one renewal; and which lease was to be given only upon the payment of certain moneys advanced by the defendant to the complainant. The original complainant died before the coming in of the answer, and the suit was revived by his executors; who afterwards filed a replication to the answer, and proceeded to take proofs in the cause. The proofs were regularly closed, and the cause was about to be heard upon pleadings and proofs, when the complainants, finding that they could not

establish the alleged contract set out in their bill, made an application for leave to amend the bill of their testator, by stating therein the making of such a contract as was set forth in the defendant's answer. The vice chancellor denied the application, and his decision was affirmed by the chancellor upon appeal. The complainants, thereupon, and without having obtained any leave to renew the motion, either upon the denial of the original motion by the vice chancellor, or upon the affirmance thereof by the chancellor, made a new application to amend, so as to make their bill conform to the answer of the defendant in the statement of the contract. The vice chancellor denied this last application, with costs; and from that decision the complainants have now appealed to the chancellor.

*D. Marvin*, for the appellants.

*J. Miller*, for the respondent.

THE CHANCELLOR. The application of the appellants was properly denied, upon the ground that it was in substance a renewal of a former application, without leave of the court; after such former application had been denied, upon the merits, without reserving the right to renew the motion to amend upon a new state of facts.(a) Indeed the former application was denied upon the same facts, substantially. For although the solicitor of the complainants had discovered that there were some technical defects in the papers upon which the first application was founded, the affidavit of the defendant's solicitor showed that no objection, upon that ground, was made either before the vice chancellor or on the hearing before the chancellor upon the appeal. It would therefore have been erroneous for the vice chancellor to grant the second motion, after his former order denying the application upon the merits had been affirmed by the appellate court.

(a) See *Willet* v. *Fayerweather*, (1 *Barb. Sup. Court Rep.* 72, 73.)

Again; there is nothing in the case rendering it proper that the extraordinary relief asked for should be granted in this stage of the suit. And from an examination of the pleadings and proofs, I am satisfied that the complainants ought not to succeed, even if the bill is amended, in the manner asked for in the petition, by striking out the whole statement of the contract as sworn to in the bill and substituting the contract stated in the answer. The last mentioned contract the complainant refused to perform, although the defendant offered him a lease upon the terms in that contract mentioned. And having assigned his interest in the premises, for the benefit of his creditors, in connection with his other property, more than twenty years before the filing of his bill, and allowed the defendant to use the premises as his own, and in hostility to the claim of the assignees, for fourteen or fifteen years, the right to file a bill for a specific performance was barred, both as against him and against his assignees, to whom the assignment was made in 1821.

The revised statutes have limited the right to file a bill in equity, when the jurisdiction of the court is not concurrent with that of courts of law, in relation to the relief sought, to ten years after the right to file a bill accrued. Here the testimony conclusively shows that more than ten years before the filing of the bill, the defendant Astor was not only in the undisturbed possession of the premises, claiming them as his own, but that he had for considerably more than ten years refused to recognize any right or interest of the complainant or his assigns in the premises, either at law or in equity, or to any part of the rents or profits thereof. The claim was therefore barred by the statute of limitations before the re-assignment of the premises to Dodd. And that re-assignment was also void; because it was an attempt to transfer a claim to real estate, held adversely to such claim, and for the purpose of litigation merely. No interest whatever passed to the original complainant in this suit by virtue of the re-assignment; and he could not sustain a bill for relief founded thereon. It was upon these grounds, as well as upon the principle that it was improper to

allow the complainant to amend his bill, so as to make substantially a new case, after the parties had taken their proofs in the cause, that I affirmed the order of the vice chancellor denying the first application.

The order appealed from in the present case, must therefore be affirmed with costs.